**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Grabriella Willis, Jasmine Hoyt, Rudy Hoyt, and the Hoyt Conjugal Society<br><br>Plaintiffs<br>v.<br><br>Airbnb, Inc.; Zurich American Insurance Company; Ramon Acosta Marrero, Marie Mojica Hiraldo, and the conjugal society formed by both; A Company; B Insurance Company<br><br>Defendants | CIVIL NO.<br><br>Plaintiffs demand Trial by Jury |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** the plaintiffs Gabriella Willis, Jasmine Hoyt, Rudy Hoyt and the Hoyt Conjugal Society represented by their undersigned attorney and before this Honorable Court respectfully allege and pray as follows:

## I. THE PARTIES

1. Plaintiff, Gabriella Willis, is of legal age, single and domiciled in the State of Nevada.

2. Plaintiffs Jasmine Hoyt and Rudy Hoyt, are both of legal age, married to each other and are the parents of Gabriella Willis (mother and stepfather). They are domiciled in the State of Nevada. Jasmine and Rudy are the members of the Hoyt conjugal society.

3. Co defendants Ramon Acosta Marrero, his wife, Marie Mojica Hiraldo, and the conjugal society formed by both, are of legal age and domiciled in Puerto Rico. They are the members of the Acosta Mojica Conjugal society. Collectively all of these named defendants will be referred to in this complaint as the "Acosta Mojica" defendants.

4. The Acosta Mojica defendants, at the time of the accident described in this complaint, were the owners of a property located in Canta Gallo Ward, Luquillo, Puerto Rico that they use the same to generate profits via short term rentals, and that was promoted via the Airbnb, Inc. marketing platform using the name "Sunshine Tropical House".

5. Co defendant, Airbnb, Inc., ("Airbnb") is a Delaware Corporation that manages and operates an online marketplace for hospitality services with principal offices located in the State of California. Airbnb offers lodging, homestays, and tourism services to individuals via websites and mobile applications in

exchange for economic benefit from property owners like co defendants' Acosta Mojica.

6. Co defendant, Airbnb serves property owners and clients, like the plaintiffs and the Acosta Mojica defendants, worldwide.

7. Co Defendant, Zurich American Insurance Company, by information and belief, is a corporation organized and existing under the laws of the State of New York, with principal place of business located at 1400 American Lane, Schamburg, Illinois. At all times relevant hereto said insurance company was and is engaged in the business of insurance, having issued one or more insurance policies to cover the legal liability of Airbnb, Inc. and/or businesses related to Airbnb, for accidents.

8. A Company, is the fictitious name utilized to denominate another company owned by the Acosta Mojica defendants, that together with the rest of the defendants are also responsible for the accident described in this complaint and all damages caused to the plaintiffs to suffer. Once its identity is known, the complaint may be amended to substitute and properly name said unknown defendant with its correct name.

9. B INSURANCE Company is the fictitious name used to denominate one or more insurance companies that at the time of the occurrence of the event described in this complaint had

issued and had in effect one or more insurance policies to cover the liability or excess liability of one or more of the defendants in this action. Once its identity is known, the complaint may be amended to substitute the fictitious name of said defendant with the proper name of said insurance company defendant.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C., Section 1332(a)(1) because this is an action for damages between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

11. Pursuant to 28 U.S.C., Section 1391(a)(2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

## III. FACTS

12. Plaintiffs, had booked the Sunshine Tropical House, Luquillo, Puerto Rico, for a stay from November 7, 2023, until November 11, 2023, using the Airbnb platform.

13. The confirmation code that was issued to the plaintiffs for said stay was HMQ4NTXFJQ. Defendant Marie Mojica Hiraldo (Marie) served as the host for the stay.

14. Plaintiff, Gabriella Willis, around 9.15 AM, of November 9, 2023, was walking down the steps of an outdoor stair case, when she suddenly slipped and fell, suffering serious and permanent damages as a result of said fall.

15. Because of the abrupt fall on the exterior marble like stairs, Gabriella suffered a deep cut below and across her entire right knee, an injury to her ankle, pain and anguish.

16. Due to the size of the unsightly cut, (over 7 inches long) and the bleeding that ensued as a result of the injury, Gabriella was taken by family members to a hospital in Puerto Rico. To close the open wound, she required 25 stitches, and medications.

17. Upon returning to the State of Nevada, she immediately received further medical treatment.

18. Due to the accident and the injury to the area below her right knee, Gabriella still suffers from pain, nerve damage, a very large permanent scar below and across her right knee, and skin damage to her right ankle.

## IV. LIABILITY OF THE DEFENDANTS

19. All the defendants are responsible for the accident and the damages suffered by Gabriella and her parents.

20. As owners, operators and managers of a property that they use for commercial purposes and for profit, the Acosta

Mojica defendants are required to maintain their premises in such condition so that their guests do not suffer injuries due to negligence. They failed to keep the outdoor staircase of the property safe and well maintained for their guests.

21. The Acosta Mojica defendants, before the accident, had placed in certain parts of the outdoor staircase, non-slip adhesive strips, yet other areas of the stairs had no strips, strips missing and/or worn. The Acosta Mojica defendants failed to properly maintain and upkeep the stairs so as to avoid accidents.

22. The Acosta Mojica defendants, had the knowledge that prior to the accident, the outdoor marble-like steps were dangerous and slippery, thus the reason for haphazardly attempting to correct said dangerous hazard by placing non-slip adhesive strips in parts of the outdoor steps.

23. The Acosta Mojica and/or A Company attempt to eliminate the dangerous, slippery staircase hazard was negligent and inadequate, contributing to the accident suffered by Gabriella and all damages caused her and her parents.

24. Since the Acosta Mojica defendants and/or A Company new of the hazardous, dangerous, outdoor slippery steps, they could at the very least placed warning signs. Yet they failed to act.

25. The Acosta Mojica defendants, should had replaced the slippery marble like steps with steps made of other material that was anti-slip, yet the failed to act.

26. The Acosta Mojica defendants could have also attempted to replace and properly place the non-slip material prior to renting the property, but they failed to act, contributing via such negligence, to the accident suffered by Gabriella and the rest of the plaintiffs.

27. The Acosta Mojica defendants failed to eliminate the dangerous condition of marble-like slippery steps installed outdoors, contributing with their lack of action, for the accident to happen.

28. The Acosta Mojica defendants with the knowledge of the dangerous condition present, and with gross disregard to the safety and well-being of property patrons like Gabriella and her family, failed to properly correct and act, by failing to properly maintain the outdoor stair case, install additional safety precautions and/or replace the dangerous, marble-like slippery steps.

29. As per the previous averments, the Acosta Mojica defendants failed in carrying out their responsibility and obligations as host(s), administrators, managers and owners, by inspecting, correcting, repairing, and eliminating and/or fixing

dangerous conditions that wet and slippery marble-like outdoor steps represented to guests.

30. The Airbnb defendants are also responsible to the plaintiffs, since they promoted a property that they should have known contained an unsafe outdoor staircase and did not provide any warnings to their paying guests, nor did they insist that the owners correct the dangerous condition present in the rented property.

31. Airbnb, Inc. placed profits for their company ahead of safety of Guests. They did not require their property owners to provide a hazard free property to guests like the plaintiffs, nor did they even bother to ensure that the property was safe for Gabriella and her family.

32. Under the economic benefit theory, Airbnb, Inc. is also responsible to the plaintiffs for all damages suffered.

33. Zurich American Insurance Company, as the insurer for Airbnb, Inc. and/or another defendant, under the laws of Puerto Rico, and in particular the insurance code of Puerto Rico, is directly responsible to the plaintiffs for all damages suffered, as per the terms and conditions of the liability insurance policy in effect.

34. B Insurance Company, as the insurance company provider for Acosta Mojica and/or A Company, under the laws of Puerto

Rico, and in particular the insurance code of Puerto Rico, is directly responsible to the plaintiffs for all damages suffered, as per the terms and conditions of the liability insurance policy in effect.

35. All defendants are thus jointly responsible for the accident and all damages suffered by the plaintiffs.

## V. DAMAGES

36. The fall suffered by Gabriella, and the injuries received as a result of said fall, caused her to suffer life changing, permanent damages.

37. As a result of the fall, Gabriella received 25 stitches below and across the area of her right knee. Due to the extent and complication of the injury, she sustained permanent nerve damages to the area below her right knee.

38. Gabriella has as a result of her injury a very large and noticeable scar below and across the area of her right knee, of over seven (7) inches in length. She also has a permanent mark in the area of her right ankle that was also injured as a result of the accident.

39. As a result of her injuries, Gabriella has difficulty standing for prolonged periods of time and has lost sensitivity in the area below her right knee. She feels sad and embarrassed of her scar and how this accident affected her and her family.

40. Gabriella's damages, as a result of the negligence of the defendants, are estimated in a sum in excess of **TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000).**

41. Jasmine Hoyt, the mother of Gabriella, was present at the moment of the accident. She saw her daughter wounded, bleeding profusely and in pain. This made her feel scared and sad for her daughter. She has also observed the negative changes in her daughter as a result of the accident. Her damages, caused by the negligence of the defendants, are reasonable estimated in a sum in excess of **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000).**

42. Rudy Hoyt, the stepfather of Gabriella, also suffered damages as a result of the accident. He saw Gabriella in pain and suffering. He saw Gabriella bleeding profusely. He has also observed how this accident has negatively affected Gabriella, and this has caused him to also feel sad. His damages as a result of this accident are estimated in a sum in excess of **EIGHTY THOUSAND DOLLARS ($80,000).**

43. SPECIAL DAMAGES. ECONOMIC DAMAGES. The Hoyt Conjugal society also suffered damages. The money spent on the vacation to Puerto Rico was wasted, since none of the Hoyt family members were able to fully enjoy their vacation in Puerto Rico after the accident suffered by Gabriella.

44. The Hoyt Conjugal society as a result of the accident suffered by Gabriella, has also spent funds and will have to spend additional funds in evaluations and treatments for Gabriella, funds that it would not have to spend, if not for the negligence of the defendants.

45. All economic damages of the Hoyt Conjugal society related to this accident are reasonable estimated in a sum in excess of **FORTY THOUSAND DOLLARS ($40,000)**, a sum of money that is also owed by the defendants.

46. All of the named Defendants because of their gross negligence as per the dispositions of the new Civil Code of Puerto Rico regarding damages, are jointly and severally liable to the Plaintiffs for all of the damages caused.

47. Under the provisions of Article 1536 of the Civil Code of Puerto Rico, all plaintiffs are entitled to be compensated jointly from the defendants for all damages caused to suffer because of negligence as alleged in this complaint.

48. Pursuant to Article 1538 of the Civil Code of Puerto Rico, plaintiffs request that the total amount of compensation awarded by a jury to the plaintiffs be doubled, if a jury determines, based on the factual and evidence presented at trial, that the defendants acted or failed to act knowingly,

intentionally and with gross disregard to the safety and well-being of Gabriella and her family.

49. Plaintiffs demand trial by jury as to all claims asserted herein.

**WHEREFORE,** the Plaintiffs request the entry of judgment in their favor and against all Defendants condemning them to pay jointly and severally all the damages and amounts claimed herein, together with interest, costs, and attorney's fees, and if granted by a jury, for double the compensation as per Article 1538 of the Civil Code of Puerto Rico.

In San Juan, Puerto Rico this 7th day of November, 2024.

**RESPECTFULLY SUBMITTED.**

**Rivera-Aspinall, Garriga & Fernandini, PSC**
Attorneys for Plaintiffs
1647 Adams St., Summit Hills
San Juan, Puerto Rico 00920
Tel. (787) 792-8644
Fax (787) 792-6475
E-Mail: aspinall@ragflaw.com

**S/Julián R. Rivera-Aspinall**
Julián R. Rivera-Aspinall, Esq.
USDC/PR 208506